UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-68-TWP-TAB-05 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KENDLE MARDIS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cr-00068-TWP-TAB |
| ) | |
| KENDLE MARDIS, ) -05 | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Kendle Mardis's Motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkts. 350, 355). Mr. Mardis seeks immediate release from incarceration because he is at a significant risk of contracting and developing complications from an exposure to COVID19 because he suffers from hypertension. (Dkt. 355). For the reasons explained below, his motions are **DENIED**.

**I.   Background**

In January 2016, the Court sentenced Mr. Mardis to 137 months of imprisonment and 3 years of supervised release after he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 272, 277. In pleading guilty, Mr. Mardis stipulated that, beginning in late 2013, he traveled from Ohio to Indianapolis, Indiana, on multiple occasions to receive heroin from a co-defendant. Dkt. 221 at 2. He would take the heroin to Ohio, where he would sell it for a profit. *Id.* at 3. Mr. Mardis received the heroin on consignment and paid his co-defendant for the heroin after he sold it to others in Ohio. *Id.* Judgment was entered on February 2, 2016. Dkt. 277.

Mr. Mardis is presently 46 years old. He is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI Manchester"). As of January 11, 2021, the Bureau of Prisons ("BOP") reports that 35 inmates and 33 staff members at FCI Manchester have active cases of COVID-19; it also reports that 387 inmates and 58 staff members at FCI Manchester have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 11, 2021).

Mr. Mardis represents that he has been in custody for about 6 years. Dkt. 350 at 3. He explains that he has a little less than four years remaining until his scheduled release date, and his period of incarceration will be followed by five years of supervised release. (Dkt. 355). The BOP reports that his anticipated release date (with good-time credits included) is September 18, 2024.

On June 24, 2020, Mr. Mardis filed a *pro se* motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 346. The Court concluded that the motion did not show that Mr. Mardis was entitled to relief and denied it without prejudice. Dkt. 347. The Court also directed Mr. Mardis to complete and return the Court's form compassionate release motion. *Id.* Mr. Mardis filed a completed form motion on August 26, 2020. Dkt. 350. The Court appointed counsel to represent Mr. Mardis. Dkt. 351. Appointed counsel filed an amended motion for compassionate release on his behalf on November 2, 2020. Dkt. 355.

The United States responded in opposition for two separate reasons: "First, Mardis is a young man in relatively good health with well-controlled hypertension that would not amount to an 'extraordinary and compelling' reason to release him. Second, Mardis should not be released because he poses an unacceptable danger to the community." (Dkt. 357 at 1).

Mr. Mardis replied through counsel, dkt. 358, thus, his motions are ripe for decision.

## II.     Discussion

Mr. Mardis seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 355. He contends that he is at an increased risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from hypertension and that he cannot adequately protect himself from infection while incarcerated at FCI Manchester. *Id.*[1] Mr. Mardis argues that he would not be danger to the community if released, noting that he has maintained clean conduct while in the BOP and worked hard to improve himself while incarcerated by taking classes and creating a non-profit organization designed to educate young Black males in distressed communities about the dangers of drug abuse and drug dealing. If released, he plans to live with his wife in Columbus, Ohio. *Id.* He represents that he has found post-release employment. *Id.* He also contends that the sentencing factors in 18 U.S.C. § 3553(a) favor release because he has already served over 50% of his sentence. *Id.* at 5.

In response, the United States concedes that Mr. Mardis has exhausted administrative remedies as required by § 3582(c)(1)(A). Dkt. 357 at 8. It argues, however, that Mr. Mardis has not shown extraordinary and compelling reasons warranting a sentence reduction because he is a young man in relatively good health who has controlled his hypertension through diet and exercise. *Id.* at 1, 3–4, 11–16. It also argues that Mr. Mardis would be a danger to the community if released and that the sentencing factors in § 3553(a) do not favor release because Mr. Mardis was a key member of a heroin trafficking conspiracy and has multiple previous felony convictions and a history of violence. *Id.* at 16–17. The United States also argues that Mr. Mardis received a

---

[1] In his pro se motion, Mr. Mardis indicated that he sought release because his minor children's caregiver had become incapacitated and because his spouse had been incapacitated. Dkt. 350. He did not renew these arguments in his amended motion, dkt. 355, and the Court deems them abandoned. To the extent Mr. Mardis has not abandoned those arguments, the Court finds them to be unsupported by admissible evidence.

4

significant break at sentencing because the United States agreed to forego filing an information under 21 U.S.C. § 851 as part of plea negotiations. *Id.* at 2, 18. It contends that giving Mr. Mardis a further break would not reflect the seriousness of his offenses, promote respect for the law, protect the public, or deter Mr. Mardis from further criminal conduct.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall

provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Mardis does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.

The risk that Mr. Mardis faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. People with hypertension may face an increased risk of experiencing severe symptoms if they contract COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Jan. 11, 2021). Moreover, it is not clear that Mr. Mardis currently suffers from hypertension; instead, the BOP recently removed him from the hypertension clinic because he had controlled his hypertension with diet and exercise. *See* dkt. 355-5. Regardless, even if Mr. Mardis does currently suffer from hypertension, it is a very common condition, https://www.cdc.gov/bloodpressure/facts.htm (noting that nearly half of adults in the United States have hypertension or are taking medication for hypertension), and this Court has consistently held that hypertension alone is not an extraordinary and compelling reason warranting a sentence reduction, *see United States of America v. Jones*, No. 1:15-cr-92-JMS-MJD-01, dkt. 65 (S.D. Ind. Sept. 17, 2020); *United States v. Davis*, No. 3:02-cr-2-RLY-CMM-01, dkt. 142 (S.D. Ind. Nov. 17, 2020).

Given the Court's determination that Mr. Mardis has not shown extraordinary and compelling reasons to justify his release, the Court need not discuss whether Mr. Mardis is a danger to the community and whether the § 3553(a) factors weigh in favor of his release. However, the Court commends Mr. Mardis for his exemplary conduct while incarcerated, his efforts toward rehabilitation, and his creation of a much needed and worthwhile non-profit organization. These

factors support that he would not be danger to the community if released. If Mr. Mardis's health condition changes, he may file another motion for compassionate release.

### III.   Conclusion

For the reasons stated above, Mr. Mardis's motions for compassionate release, dkts. [350] and [355], are **denied**.

**IT IS SO ORDERED.**

Date:   1/13/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


Distribution:

All Electronically Registered Counsel